UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JACINTO CEDENO,

                                Petitioner,

    -vs-                                    **DECISION AND ORDER**
                                                    No. 06-CV-6019(VEB)

JAMES T. CONWAY, Superintendent,

                                Respondent.
_____

**I.    Introduction**

Pro se petitioner Jacinto Cedeno ("Cedeno" or "petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state custody pursuant to a judgment of conviction entered in Supreme Court, Monroe County, State of New York. The parties have consented to disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

**II.    Background**

Cedeno was charged under two indictments with multiple felony drug charges (two counts of first-degree criminal sale of a controlled substance, two counts of third-degree criminal possession of a controlled substance, and two counts of first-degree criminal possession of a controlled substance). While released on bail, prior to trial, Cedeno fled the jurisdiction and failed to appear for his trial. Trial proceeded without him and he was convicted on January 30, 1996. He was sentenced *in absentia* to a term of 50 years in state prison. Cedeno was ultimately apprehended in March 2005, and was remanded to the custody of the Department of Corrections

of the State of New York to begin serving his sentence.

On December 22, 2005, petitioner filed the instant habeas petition. The sole ground raised such as follows: "petitioner was denied [sic] the Due Process Clause of the 14th amendment, which guarantees a criminal appellate pursuit [of] a first appeal as of right. *Griffin v. Illinois*, 351U. S. 12, 20 (1956); and the denial of his constitutional right to be assigned with [sic] counsel to represent him during the appeal." Petition, ¶13 (Docket No. 1).

By order filed January 25, 2006, petitioner was ordered show cause why his petition was not barred by the statute of limitations imposed upon habeas petitions under 28 U. S.C. § 2244(d)(1). Petitioner filed a response to the order on March 3, 2006. Petitioner admits that in 1995, during pretrial proceedings, he was released on bail pending resolution of his case. He admits that he left the United States and traveled to the Dominican Republic. Petitioner claims that he did not know he could not leave the jurisdiction because the state trial court allegedly failed to give him "*Parker*[1] warnings"–that is, the judge did not inform him that if he failed to return to appear in court is scheduled, he could be tried convicted and sentenced *in absentia*.[2]

---

[1] *People v. Parker*, 57 N.Y.2d 136, 454 N.Y.S.2d 967, 440 N.E.2d 1313 (1982). In *Parker*, the New York Court of Appeals held that "[i]n order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial." 57 N.Y.2d at 141 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 243-44 (1973); *Brady v. United States*, 397 U.S. 742, 748 (1970)).

[2] Under the due process clause of the Fourteenth Amendment, a defendant must be allowed to be present at his trial "to the extent that a fair and just hearing would be thwarted by his absence." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). However, a defendant's right to be present at trial may be waived. *Diaz v. United States*, 223 U.S. 442, 456-58 (1912); *Smith v. Mann*, 173 F.3d 73, 76 (2d Cir.1999) ("nothing in the Constitution prohibits a trial from being commenced in the defendant's absence so long as the defendant knowingly and voluntarily waives his right to be present"). Knowledge and voluntariness of the waiver of this right may be inferred from defendant's conduct. *See Taylor v. United States*, 414 U.S. 17, 19-20 (1973); *accord*, *e.g.*, *United States v. Tortora*, 464 F.3d 1202, 1208 (2d Cir. 1972). In *Taylor*, the accused was not expressly informed of his right to be present at trial and did not receive an explicit warning that the trial would continue if he did not appear. 414 U.S. at 20. The Supreme Court nevertheless found that the trial court could reasonably have concluded that the defendant acted knowingly and voluntarily in failing to attend trial, reasoning reasoned that "[i]t is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial,

Petitioner also claims that "extraordinary circumstances" prevented him from discovering he had been convicted and sentenced during the nearly nine-year period that he was absent. However, he did not specify what these circumstances were in his response to the order to show cause. *See* Docket No. 7.

Based upon the information available to the court provided in Petitioner's response, the Court (Skretny, D.J.) found that the timeliness of the petition was still in question because it was unclear as to when the conviction became final; petitioner indicated that counsel had filed notices of appeal on indictments on trial. Judge Skretny found that the conviction arguably would not be final until such time as those appeals were dismissed for, e.g., petitioner's failure to prosecute. In addition, petitioner had raised arguments regarding timeliness pursuant to 28 U.S.C. § 2244(d)(1)(D), on the basis that the fact of his conviction could not have been discovered earlier through the exercise of due diligence. Finding that petitioner had raised timeliness issues that could not be found frivolous without the benefit of a response, the Court directed both parties to address both the date on which the conviction became final for the purpose of the statute of limitations calculation under 28 U.S.C. § 2244(d)(1), including when any state court appeals were dismissed, and when the factual predicate could have been learned through the exercise of due diligence; as well as the question of equitable tolling. *See* Docket No. 7.

---

entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, as it did to the Court of Appeals, that a defendant who flees from a courtroom in the midst of a trial–where judge, jury, witnesses and lawyers are present and ready to continue–would not know that as a consequence the trial could continue in his absence." *Id.* (internal citations omitted). *See also Bogle v. Zon*, 04 Civ. 7965, 2007 WL 2049886, at *3, *4 (S.D.N.Y. July 17, 2007) (finding no constitutional violation, notwithstanding the state trial court's actual failure to have provided petitioner with *Parker* warnings, and petitioner's failure to have received notification of a specific trial date; stating that "'[o]nly minimal knowledge on the part of the accused is required when waiver is implied from conduct[,]'" *United States v. Nichols*, 56 F.3d 403, 416 (2d Cir.1995)), and concluding that "[t]he law does not allow a person to take advantage of their illegal behavior when he 'absconds from the jurisdiction while at large on bail[,]'" *Gilchrist v. O'Keefe*, 260 F.3d 87, 96 n. 5 (2d Cir.2001)).

Respondent subsequently filed a response addressing the timeliness issue, the equitable tolling issue, the merits of petitioner's underlying habeas claim, and the propriety of the state appellate court's application of the fugitive disentitlement doctrine.³ *See* Docket No. 13.

Respondent explained the chronology of events relevant to the timeliness issue. While petitioner was out of the country, his trial counsel had filed a notice of appeal of the conviction on February 1, 1996. The notice was timely filed in the Appellate Division, Fourth Department, of New York, State Supreme Court. Trial counsel, however, has since stated that as of approximately December 1995, he no longer knew of petitioner's whereabouts, and therefore could not perfect petitioner's appeal. Consequently, on April 1, 1998, the prosecution filed a motion to dismiss the appeal based upon counsel's failure to timely perfect the appeal and petitioner's unavailability to obey the mandate of the appellate court, due to his having deliberately absented himself from the jurisdiction. Respondent notes that service of the prosecution's motion to dismiss was attempted on petitioner at his last known address; however, the documents were returned to sender in May of 1998. The Appellate Division accordingly dismissed petitioner's notice of appeal. *See People v. Burger*, 70 N.Y.2d 828, 828 (N.Y. 1987) ("[The] [m]otion by the People to dismiss [the] appeal [is] granted and [the] appeal dismissed

---

³ The fugitive disentitlement doctrine permits a court to dismiss an "appeal if the party seeking relief is a fugitive while the matter is pending." *Degen v. United States*, 517 U.S. 820, 824 (1996); *see also Ortega-Rodriguez v. United States*, 507 U.S. 234, 242 (1993). "The doctrine is based on the inherent power of courts to enforce their judgments (*see Degen v. United States*, *supra* at 823, 116 S.Ct. 1777), and it has long been recognized and applied to those who evade the law while simultaneously seeking its protection (*see Bonahan v. Nebraska*, 125 U.S. 692, 8 S.Ct. 1390, 31 L.Ed. 854 (1887); *Smith v. United States*, 94 U.S. 97, 24 L.Ed. 32 (1876)). *Skiff-Murray v. Murray*, 305 A.D.2d 751, 752, 760 N.Y.S.2d 564, 566 (N.Y. App. Div. 3d Dept. 2006). "Although no New York appellate court has adopted the fugitive disentitlement doctrine by name, the Appellate Division in each department and the Court of Appeals have dismissed fugitives' appeals in criminal proceedings on the comparable ground that 'the appellant is not presently available to obey the mandate of the Court in the event of an affirmance[.]'" *Skiff-Murray*, 305 A.D.2d at 752 (quoting *People v. Sullivan*, 28 N.Y.2d 900, 901, 322 N.Y.S.2d 730, 271 N.E.2d 561 (1971); other citations omitted).

upon the ground that defendant is not presently available to obey the mandate of the Court of Appeals in the event of an affirmance.") (citations omitted).

Meanwhile, a bench warrant had been issued for Cedeno's arrest. On March 21, 2005, while traveling in the Caribbean Islands using an admittedly false name and false passport, petitioner was arrested by United States immigration officers and extradited to Rochester. Petitioner states that he did not learn that he had been convicted *in absentia* until he was sent to Attica correctional facility to begin serving his sentence in April 2005.

At this time, approximately 9 years after his conviction, he filed a motion pursuant to New York Criminal Procedure Law § 460.30 in the Appellate Division, seeking permission to file a late notice of appeal. Petitioner claimed that he was unaware that his trial counsel had filed notices of appeal both indictments. (Petitioner's trial attorney also filed a motion in the Appellate Division, attempting to reinstate the dismiss notice of appeal so that he could challenge petitioner sentenced on the basis that it was harsh and excessive. The Appellate Division denied this motion.)

According to statute, a motion to file a late notice of appeal must be dismissed if filed more than a year and 30 days after sentencing. *See* N.Y. CRIM. PROC. LAW §§ 460.10, 460.30. Petitioner's motion to file a late notice appeal was untimely, and the Appellate Division accordingly denied the motion on August 22, 2005. On September 29, 2005, the New York Court of Appeals denied Cedeno leave to appeal the denial of the motion, on the basis that the Appellate Division's order was not appealable as a matter of law, *see* N.Y. CRIM. PROC. LAW § 450.90(1).

### III. Discussion

With limited exceptions, a prisoner seeking a writ of habeas corpus must submit his petition no more than one year after the judgment against him becomes final. Title 28 U.S.C., Section 2244(d) provides in relevant part as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For the purpose of deciding whether the petition is timely, the Court must determine when the one-year period began running. This requires a decision as to when the "judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

To summarize, petitioner was sentenced *in absentia* on January 30, 1996. He filed a notice of appeal on February 1, 1996, but failed to perfect the appeal; as a consequence, the prosecution moved to dismiss for failure to prosecute. On June 22, 1998, the Appellate Division granted the motion to dismiss the notice of appeal. Respondent points out that this date was the end of petitioner's appellate process in the New York state courts, since the Appellate Division's order was not appealable. Adding to that a 90-day period during which petitioner could have

petitioned for *certiorari* in the United States Supreme Court, petitioner's conviction became final on September 22, 1998. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction."); SUP. CT. R. 13(1) (setting 90-day limit for filing of petition of writ of *certiorari*). Accordingly, he had one year from September 22, 1998, in which to file his § 2254 habeas petition in district court. *See* 28 U.S.C. § 2244(d)(1). However, petitioner did not file his petition until December 22, 2005, over seven years later. There were no state court applications for collateral relief pending during that seven-year period that would have tolled the applicable statute of limitations under 28 U.S.C. § 2244(d)(2).

Petitioner, on the other hand, argues that the day his sentence was executed in April 2005, rather than the date the court announced sentence and the judgment of conviction was entered in County Court in January 1996, is the date his conviction became final. This is incorrect. Indeed, petitioner cites no authority for this proposition. His petitioner clearly is untimely using the start-date defined in § 2244(d)(1)(A).

Alternatively, petitioner asserts that the limitations period start-date should be set under § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Cedeno's habeas claim is that he was denied his due process right to appeal, and the factual predicate for that claim is the date he found out that he had been convicted and sentenced *in absentia*. He asserts that this date is April 22, 2005, when, after being extradited to the United States, he was delivered to Attica to begin serving his 50-year sentence. Petitioner asserts that he could not have discovered this factual predicate (i.e., that he had been convicted and sentenced *in absentia*) with the exercise of due

diligence until April 22, 2005. The Court disagrees. As respondent points out, Cedeno left the United States during pre-trial proceedings in connection with two indictments charging him with felony drug offenses. He was out on bail at the time, and he knew that his trial date was approaching. He fled from the United States and was gone for 9 years. Moreover, it appears that the only reason he returned to the United States was because he was arrested by immigration officers while traveling under an assumed name. Cedeno has demonstrated no impediment to his discovering that he had been convicted, apart from the fact that he intentionally absented himself from the jurisdiction and did not appear at his scheduled trial date–something which certainly was within his control. The factual predicate of this claim reasonably could have been discovered with the exercise of due diligence *years* before 2005. Petitioner simply could have called or written to his attorney; however, he did not contact his attorney at all during the 9 years he was a fugitive in order to ascertain the status of his criminal proceeding. Accordingly, I do not find that petitioner is entitled to have the start-date of the statute of limitations period begin on the date he actually discovered he had been convicted.

Finally, petitioner asserts that he qualifies for equitable tolling of the statute of limitations. "Although AEDPA does not provide that its limitations period may be tolled for any reason other than the pendency of a state post-conviction motion, *see* 28 U.S.C. § 2244(d)(2), in 'rare and exceptional circumstances' a petitioner may invoke the courts' power to equitably toll the limitations period. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*) (internal quotation marks and citations omitted in original). To qualify for equitable tolling, the petitioner must establish that "'extraordinary circumstances prevented him from filing his petition on time,' and that he 'acted

with reasonable diligence throughout the period he seeks to toll.'" *Id.* (quoting *Smith*, 208 F.3d at 17). The Second Circuit has "established only a limited number of circumstances that may merit equitable tolling, such as where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary, and where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers[.]" *Doe v. Menefee*, 391 F.3d at 160 (internal citations omitted). Cedeno has not alleged, and cannot establish, that his attorney's conduct was "so outrageous and incompetent" as to be "truly extraordinary. To the contrary, trial counsel properly and timely filed a notice of appeal on Cedeno's behalf, in order to preserve his rights. Trial counsel's inability to perfect the appeal was caused by Cedeno's disappearance from the jurisdiction. Nor has Cedeo asserted that there was any intentional conduct that interfered with his filings on the part of prison officials or others in authority. This is not a case "[w]here a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired." *Hunter v. Greiner*, No. 99 Civ. 4191(SAS), 2000 WL 245864, at *3 (S.D.N.Y. Mar. 3, 2000) (quoting *Vasquez v. Greiner*, 68 F. Supp.2d 307, 309 (S.D.N.Y. 1999)). Petitioner's belated discovery of the outcome of his appeal was attributable to him alone. Nor is this a case where Cedeno suffered a serious physical or mental illness which prevented him from timely filing, *Rhodes v. Senkowski*, 82 F. Supp.2d 160, 173 (S.D.N.Y.2000). Cedeno states that he underwent treatment for heart disease on a few occasions, but he has not shown that he was incapacitated throughout his almost nine-year absence to the extent that he could not have contacted his attorney to inquire as to the status of his criminal case.

According to Cedeno, "what makes the petitioner to [sic] meet the extraordinary and rare circumstances, is the fact that, due to the trial Court's failure [to issue *Parker* warnings], the

petitioner was unaware not only of the one year period of limitation to file his habeas petition, but the petitioner was unaware that he had been convicted, since, as indicated by the trial counsel on his affirmation, . . . , the trial court failed to give the petitioner the *Parker* Warnings." According to petitioner, that is why he "failed to show up to the trial" and instead traveled to the Dominican Republic. First, as respondent points out, what trial counsel said in his affirmation was that he *did not recall* whether the trial court had issued *Parker* warnings. Second, and most important, Cedeno has not explained how any failure to advise him that he could be tried *in absentia* affected his actual ability to timely file his habeas petition. *See Raynor v. Dufrain*, 28 F. Supp.2d 896, 900 (S.D.N.Y. 1998) ("[E]ven if petitioner's attorney failed to file a notice of appeal in the instant case, this failure had no bearing on his actual ability to pursue habeas relief.") (citing *Mandarino v. United States*, slip op., Nos. 98 Civ. 590(LBS) and 91 Crim. 868(LBS), 1998 WL 729703 (S.D.N.Y. Oct. 16, 1998) (attorney's failure to provide his client with notice of denial of *certiorari* by the Supreme Court did not constitute grounds for equitable tolling)). Thus, I find that Cedeno has failed to demonstrate "extraordinary circumstances" as that term has been interpreted by the Second Circuit. Furthermore, even assuming for the sake of argument that any of the circumstances he has alleged were extraordinary circumstances, he cannot demonstrate the required "causal relationship between the extraordinary circumstances on which his claim for equitable tolling rests and the lateness of his filing" because "petitioner, acting with reasonable diligence, could have filed on time irrespective of extraordinary circumstances." *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir.2001). This simply is not one of the "rare cases" that qualifies for equitable tolling.

Finally, I have considered the merits of Cedeno's habeas claim that the Fourth

Department's refusal to allow him to file a late notice of appeal was a clear violation of the Due Process Clause of the Fourteenth Amendment, which guarantees a criminal appellant pursuing a first appeal as of right certain minimum safeguards necessary to make that appeal adequate and effective. Cedeno cites *Griffin v. Illinois* and *Taveras v. Smith*. *Griffin* stands for the proposition "there can be no equal justice where the kind of an appeal a man enjoys 'depends on the amount of money he has.'" *Douglas v. California*, 372 U.S. 353, 355 (1963) (quoting *Griffin v. Illinois*, 351 U.S. 12, 19 (1956)). The Supreme Court has held that the Fourteenth Amendment guarantees a criminal defendant the right to counsel on his first appeal if the state has provided such an appeal as of right. *Taveras v. Smith*, 463 F.3d 141, 146 (2d Cir. 2006) (citing *Douglas v. California*, 372 U.S. at 355-58 (1963); *Evitts v. Lucey*, 469 U.S. 387, 393-94, 396 (1985) (holding that the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on such an appeal)).

"[C.P.L. §] 460.30 authorizes an intermediate appellate court to grant, in limited circumstances, an extension of time for taking such an appeal. N.Y.Crim.Proc.L. § 460.30 (McKinney 1983). To qualify for such an extension, a defendant must make a motion pursuant to this section with due diligence after the time for the taking of the appeal has expired but not more than one year thereafter. One of the circumstances that justifies an extension is improper conduct, death or disability of the defendant's attorney." *Wedra v. Lefevre*, 988 F.2d 334, 339 (2d Cir. 1993). The Second Circuit held in *Wedra* that the district court properly found that C.P.L. § 460.30 was an adequate and independent state ground on which to preclude habeas relief. *Id.* at 340 ("Wedra's counsel did not seek leave to appeal until more than nine months after the denial of the motion from which he was appealing. The only viable excuse proffered was that Wedra's

attorney failed properly to read New York law. New York has codified in its criminal procedural law its practice concerning untimely motions for leave to appeal and the granting of extensions. Wedra has not sufficiently demonstrated to us that New York courts do not strictly and regularly apply these rules evenhandedly to similar claims to allow us to find that the procedural default in question was not an adequate state ground."). Cedeno has not provided any authority for his proposition that New York's procedural rules governing the filing of late notices of appeal infringe upon the constitutional right to counsel on appeal articulated in *Griffin v. Illinois* and the Supreme Court's line of case law explicating its contours.

Cedeno argues that his case is controlled by *Taveras*, 463 F.3d 141, in which the Second Circuit granted habeas relief to a defendant, convicted *in absentia*, whose fugitive status ended during the pendency of his direct appeal. Upon his return, Taveras sought, but was denied, appointment of counsel. The Second Circuit explained that "[t]he central holding of *Douglas*, . . ., applies and means that the state must afford the right to counsel to indigent fugitives." 463 F.3d at 151. The *Taveras* panel rejected the state's argument that even where a former fugitive is before an appellate court with a pending appeal, the Supreme Court's case law mandating the appointment of appellate counsel does not apply as long as the fugitive disentitlement doctrine permits dismissal of that appeal. The Second Circuit found that the right to counsel, "so firmly moored in [the] constitutional commitments to equal protection and due process, contains no such '*sub silentio* exception.'" *Id.* (quotation to district court opinion omitted). Accordingly, the circuit held that "the failure to appoint counsel, as Taveras timely sought, amounted to a violation of his well-established constitutional right to counsel." *Id.* *Taveras* is inapposite to Cedeno's case. Unlike the defendant in *Taveras*, Cedeno was *not* denied his right to the appointment of

counsel; rather, his trial counsel continued to represent him on appeal notwithstanding Cedeno's absconding from the jurisdiction and failing to appear for trial.

### III. Conclusion

For the reasons stated above, Jacinto Cedeno's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/ Hon Victor E. Bianchini

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED: July 21, 2010
Rochester, New York.